IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS W. JONES

              Plaintiff,                           Case No. 3:07-cv-0016

vs.                                    JUDGE THOMAS M. ROSE

MICHAEL J. ASTRUE,
COMMISSIONER of the SOCIAL
SECURITY ADMINISTRATION,

              Defendant,

---

**DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #11) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID
JUDICIAL FILING (DOC. # 13) OVERRULED; JUDGMENT TO BE
ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST
PLAINTIFF, AFFIRMING THE COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY**

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits. On February 29, 2008, the United States Magistrate Judge filed a

Report and Recommendations (Doc.# 11), recommending that the Commissioner's decision that

Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be

affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (Doc. #11) , as well as upon a thorough de novo review of this

Court's file, including the Administrative Transcript (Doc.#4), and a thorough review of the

applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety

1

and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections (Doc.# 13) to said judicial filing are overruled. Accordingly, said decision is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Commissioner are supported by "substantial evidence."  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401;

2

Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a

matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen,

853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306

U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of

the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a

jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact

for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir.

1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra. In determining

whether the Commissioner's findings are supported by substantial evidence, the Court must

consider the record as a whole. Hepner v.Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra;

Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v.

Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in

evidence or decide questions of credibility. Garner, supra. If the Commissioner's decision is

supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would

have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658

F.2d 437, 439 (6th Cir. 1981).

 In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-

exclusive, observations:

 1. That Dr. Ramirez at the time of Plaintiff's evaluation was not in an ongoing treatment

relationship with Plaintiff and said evaluation would be considered along with other non-treating

medical sources under factors including "supportability," "consistency," " specialization," and

certain "other factors."

2. When there is testimony that a significant number of jobs exists for which a claimant is

qualified, it is immaterial that this number is a small percentage of the total number of jobs in a

given area.

3.  The issue upon review of the decision of the Administrative Law Judge is not whether

there exists substantial evidence of disability; rather, the issue is whether the record contains

substantial evidence to support the Commissioner's finding of non-disability. In this matter, the

finding of non-disability is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and

Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having

concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not

entitled to benefits under the Social Security Act, was supported by substantial evidence.

Plaintiff's Objections to said judicial filing (Doc. #13) are overruled. Judgment will be ordered

entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the

decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not

entitled to benefits under the Social Security Act .

The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.

March 31, 2008                                             s/**THOMAS M. ROSE**

_____

4

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT